ROBERT DAVID BAKER, INC.
Robert David Baker Esq. (87314)
80 South White Road
San Jose, CA  95127
Telephone: (408) 251-3400
Facsimile:  (408) 251-3401
rbaker@rdblaw.net

Attorney for Plaintiff
ANUP KAUSHAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case Number: CR 19-00537 EMC |
| ) | |
| Plaintiff, ) | DEFENDANT ANUP |
| ) | KAUSHAL'S SIGNED PLEA |
| v ) | AGREEMENT |
| ANUP KAUSHAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

```
 1  DAVID L. ANDERSON (CABN 149604)
    United States Attorney
 2
    HALLIE HOFFMAN (CABN 210020)
 3  Chief, Criminal Division

 4  CHRISTOPHER D. VIEIRA (CABN 273781)
    Special Assistant United States Attorney
 5
         450 Golden Gate Avenue, Box 36055
 6       San Francisco, California 94102-3495
         Telephone: (415) 436-7301
 7       FAX: (415) 436-7027
         christopher.vieira@usdoj.gov
 8
    Attorneys for United States of America
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 19-00537 EMC |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| ANUP KAUSHAL,<br>a/k/a Gurdeep Singh,<br>a/k/a Anoop Singh, | |
| Defendant. | |

I, Anup Kaushal, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1.   I agree to plead guilty to Count One of the captioned Superseding Information charging me with False Swearing in Immigration Matter in violation of 18 U.S.C. § 1546(a). I agree that the elements of the offense are as follows: (1) I made a false statement; (2) I acted with knowledge that the

statement was untrue; (3) the statement was material to the activities or decisions of the U.S. Citizenship and Immigration Services; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities; (4) the statement was made under penalty of perjury; and (5) the statement was made on an application required by immigration laws or regulations.

I agree that the maximum penalties are as follows:

| | | | |
|---|---|---|---|
| a. | Maximum prison term | | 10 years |
| b. | Maximum fine | | $250,000 |
| c. | Restitution | | |
| d. | Maximum supervised release term | | 3 years |
| e. | Mandatory special assessment | | $100 per felony count |
| f. | Potential Deportation | | |

I acknowledge that it is virtually certain that pleading guilty will have consequences with respect to my immigration status if I am not a natural born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which I am pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and I understand that no one, including my attorney or the district court, can predict to a certainty the effect of this conviction on my immigration status. I nevertheless affirm that I want to plead guilty regardless of any immigration consequences that may result from my guilty plea, even if the consequence is my automatic removal from the United States. I also acknowledge that there are no identical or substantially similar charges to non-removable offenses to which the government would agree.

2.  I agree that I am guilty of the offense to which I am pleading guilty, and I agree that the following facts are true:

On April 10, 1991, I entered the United States using the name Gurdeep Singh. I did not have a passport or other any immigration documents. Immigration agents released me and ordered me to appear before an immigration judge. However, I never appeared for my immigration hearings, and an immigration judge eventually ordered me deported in absentia.

On December 7, 1996, I applied for asylum in the United States using the name Anoop Singh.

The INS determined that I was not eligible for asylum, and on August 14, 1997, an immigration agent personally served me with a notice to appear before an immigration judge. However, I never appeared for my immigration hearings, and an immigration judge ordered me deported in absentia.

On October 21, 1997, I applied for legal permanent resident ("LPR") status in the United States using the name Anup Kaushal. The INS granted my LPR application in March 2001, and I applied for United States citizenship in February 2004. In my Form N-400 Application for Naturalization, I stated under penalty of perjury that I had never been ordered to be removed, excluded, or deported from the United States. I knew that statement was false and that I had twice been ordered removed, excluded, or deported from the United States. I acknowledge and agree that my false statement was material to the activities or decisions of the U.S. Citizenship and Immigration Services and that the Form N-400 is an application required by immigration laws or regulations.

I naturalized on November 15, 2004 and received a U.S. passport in December 2004.

3.   I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence. I also agree to waive venue, if necessary, for the charges filed in this case.

4.   I agree to give up my right to appeal my conviction, including constitutional challenges to the statute of conviction. I agree to give up my right to appeal the judgment and all orders of the Court. I also agree to give up my right to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution, reserving only my right to claim that my sentence violated this plea agreement, applicable law, or the Constitution. I reserve my right to claim that my counsel was ineffective. I understand that this waiver includes, but is not limited to, any and all constitutional or legal challenges to my conviction and guilty plea, including arguments that the statute to which I am pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support my plea of guilty.

PLEA AGREEMENT  
CR 19-00537 EMC

3

v. 05/14/2020

5.      I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective.

6.      I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. In the event I violate any of the terms of the Agreement, I agree that the facts set forth in Paragraph 2 of this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court proceeding, shall be admissible against me in any subsequent proceeding, including at trial. In any subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.

7.      I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also understand that the Court is not bound by the Guidelines calculations below; the Court may conclude that a higher Guidelines range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty plea. I further agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I agree that the Sentencing Guidelines offense level should be calculated as set forth below, and that I will not request a downward departure under the Sentencing Guidelines from that offense level or a downward variance. The parties have reached no agreement regarding my Criminal History Category.

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. § 2L2.2(a): | 8 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2<br>The defendant fraudulently obtained a U.S. passport. (U.S.S.G. § 2L2.2(b)(3)(A)) | + 4 |
| c. | Acceptance of Responsibility:<br>If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a two-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | - 2 |
| d. | Adjusted Offense Level: | 10 |

8. I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision, including Victim Impact Statements. I agree that, based on the nature of the offense, the Court should impose the following special condition of supervised release which is reasonably related to deterrence and rehabilitation:

<u>Special Condition (Searches)</u>
The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

10. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in The Government's Promises Section below, but I will not be released from my guilty plea.

11. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

12. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

<u>The Government's Promises</u>

13. The government agrees to move to dismiss any open charges pending against the defendant in the captioned Indictment at the time of sentencing.

14. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Indictment.

15. The government agrees to recommend a sentence within the range associated with the Guidelines calculation set out in paragraph 7 above, unless the defendant violates the terms of the Agreement above or fails to accept responsibility.

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

18. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 05-30-2020

ANUP KAUSHAL
Defendant

DAVID L. ANDERSON
United States Attorney

Dated: _____

CHRISTOPHER VIEIRA
Special Assistant United States Attorney

19. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my

1 | client's decision to plead guilty is knowing and voluntary.

3 | Dated: 05-30-2020

*[signature]*
ROBERT BAKER
Attorney for Defendant

## Interpreter's Affidavit

I, GURMIT SINGH SAINI, DECLARE:

1. I am employed as an interpreter and paralegal;
2. My address is 1967 Marcross Dr, San Jose, California 95131;
3. I am competent in written and oral Punjabi language and English. I am competent in the interpretation of the English language to the Punjabi language, and the interpretation of the Punjabi language to the English language;
4. On May 30, 2020, I interpreted the foregoing PLEA AGREEMENT from English to Punjabi to Anup Kaushal. Mr. Kaushal stated that he understood the interpretation and in my presence signed the PLEA AGREEMENT;
5. Attached is a true and correct copy of my California drivers license;

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 30, 2020, at San Jose, California

*/s/ Gurmit Singh Saini*

Gurmit Singh Saini

PLEA AGREEMENT
CR 19-00537 EMC

8

